

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Gus L. Kowalski
Acting County Attorney
Kenedy County
Kingsville, Texas

Dear Sir:

Opinion No. O-6301
Re: Legislative authority to pass
a Bill limiting the hunting
season, as to certain game,
in only a portion of a county.

We have given careful consideration to your request for
our opinion, from which we quote:

"I am advised that a petition is being prepared
by a number of citizens of Kenedy County, requesting
the Legislature to limit the hunting as to certain
game in only a portion of that county, not the entire
county.

"Will you please advise me whether such an act
can be passed by the Legislature and if so, what steps,
if any, should be taken preliminary to its passage.
Would not this have to be a special act and proper
advertisement had?"

Article III, Section 56 of the Constitution of Texas
prohibits the Legislature from passing any local or special law
"except as otherwise provided in this Constitution", and the
Section enumerates a great number of instances wherein such local
or special laws are not authorized. However, the concluding para-
graph of this Section of the Constitution reads as follows:

"And in all other cases where a general law can
be made applicable, no local or special law shall be
enacted; provided, that nothing herein contained shall
be construed to prohibit the Legislature from passing

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

special laws for the preservation of the game and
fish of this State in certain localities." (Emphasis
ours).

Section 57 of Article III of the Constitution provides
that no local or special law shall be passed unless notice of the
intention to apply therefor shall have been published in the lo-
cality where the matter or thing to be affected may be situated,
and further requires publication for at least thirty days prior
to the introduction into the Legislature of such Bill, as well as
exhibition to the Legislature of the evidence of such notice hav-
ing been published.

In the case of Stephensen v. Wood (Ct. Civ. App.,
Galveston) 35 S. W. (2d) 794, certified questions answered in 34
S. W. (2d) 246, it was specifically held that a statute prohibit-
ing taking of fish by certain means from waters of a certain county
was neither a local nor special law prohibited by the sections of
the Constitution hereinabove referred to. The Court said that the
underlined portion of Section 56 of Article III, supra, reserved
in the Legislature the right to pass a special or local law without
notice to preserve game and fish whether applicable to the entire
State or merely to certain localities. The Stephensen case also
specifically held that the notice contemplated in Section 57 of
Article III, supra, is not required to give full force and effect
to game and fish laws.

For a great number of years the several Legislatures of
this State have passed many laws affecting game and fish without
the notice prescribed by Section 57, supra, and we know of no
instance where such an act has been stricken from our Statutes
by any appellate court upon grounds such as those mentioned by
you.

You are therefore advised that it is our opinion that
such enactment as you mention would be valid if definitely ascer-
tainable boundaries are fixed, without notice and advertisement
as a local law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:fo

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN